IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 3 0 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ROBERT GIBSON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-810-A |
| | § | |
| EL PASO KITCHEN SERVICES, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

The court has before it for decision the motion of defendant Fortney & Weygandt, Inc., ("F&W") to dismiss for failure to state a claim upon which relief may be granted. After having considered such motion, the response thereto of plaintiffs, Robert Gibson and Frederick Dillon, plaintiffs' complaint, and pertinent legal authorities, the court has concluded that such motion has merit and should be granted.

I.

<u>Plaintiffs' Complaint</u>

The following is a summary of allegations in plaintiffs' complaint filed October 4, 2013, by which they sought damages from defendants El Paso Kitchen Services, LLC ("El Paso"), Edward Don & Company ("Edward Don"), BJ's Restaurant & Brewhouse ("BJ's"), and F&W.

Plaintiffs allege that they were employees of El Paso in June 2013 when they were engaged in the course of their employment in the installation of commercial kitchen appliances for BJ's in Florence, Kentucky; that El Paso had been employed by Edward Don to install the appliances; and that F&W was the general contractor on the project that included the installation of the appliances.  On June 24, after taking a break, plaintiffs returned to their workstations and found a noose hanging over their work area.  They took pictures, and the incident was reported to the owner of El Paso and the other defendants.  The owner of El Paso contacted the superintendent of BJ's, and the noose was cut down.  On June 27, 2013, plaintiffs found when they went on break racial slurs written on a table in the break area. They took pictures of the racial slurs, and reported the slurs to the defendants.  When they reported to work on June 28, 2013, they were dismissed and terminated for taking the pictures and complaining about the hostile work site.

Plaintiffs assert two theories of recovery, discrimination under 42 U.S.C. § 1981 and retaliation under 42 U.S.C. § 1981. They seek recovery of back pay, front pay, past and future emotional distress, past and future economic loss, attorney's fees, and punitive damages.

2

II.

## Analysis

A.   Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer

3

that the plaintiff's right to relief is plausible.  <u>Id.</u>  To

allege a plausible right to relief, the facts pleaded must

suggest liability; allegations that are merely consistent with

unlawful conduct are insufficient.  <u>Twombly</u>, 550 U.S. at 566-69.

"Determining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common

sense."  <u>Iqbal</u>, 556 U.S. at 679.

B.   <u>Plaintiffs Failed to Satisfy Their Pleading Obligations as</u>
     <u>to F&W</u>

Plaintiffs assert a section 1981 claim of retaliation

against F&W and all other defendants, alleging the following:

> 20.   Plaintiffs have been retaliated against by
> Defendants for reporting discriminatory actions.
> Therefore, Defendants have violated 42 U.S.C. § 1981,
> as amended. Defendants Edward Don & Company, BJ's
> Restaurant & Brewhouse and Fortney & Weygandt, Inc.
> removed Plaintiffs from the work site because they
> complained about the noose and the racial slurs.
> Defendant El Paso Kitchen Services, LLC retaliated by
> firing Plaintiffs for complaining.

Compl. at 4, ¶ 20.

The shortcoming of plaintiffs' allegations against F&W is

that there is no allegation of any contractual relationship

between plaintiffs and F&W nor is there is any allegation that

F&W engaged in conduct that interfered with a contractual

relationship plaintiffs had with anyone.  "Section 1981 offers

relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing proposed contractual relationship." Dominos Pizza, Inc. v. McDonald, 546 U.S. 470, 478 (2006).

The court assumes that the employment relationships between plaintiffs and El Paso are contracts of the kind contemplated by section 1981; and, plaintiffs reply brief suggests that they take the position that the conduct of F&W interfered in some respect with those relationships. However, the allegations of the complaint cause such a theory of liability on the part of F&W to be implausible. Plaintiffs twice allege, without the slightest equivocation or qualification, that conduct on the part of F&W did not interfere with the employment relationships between plaintiffs and El Paso. Plaintiffs could not more pointedly allege that those employment relationships terminated because of their complaints about the noose and the racial slurs. In paragraph 16, on page 4, of the complaint, plaintiffs allege that they were "fired by their employer, El Paso Kitchen Services, LLC, for complaining about the noose and the racial slurs," and in paragraph 20, on the same page, they allege that "Defendant El Paso Kitchen Services, LLC retaliated by firing plaintiffs for

complaining."   The conclusory allegation made by plaintiffs in paragraph 20 that all defendants other than El Paso "removed Plaintiffs from the work site because they complained about the noose and the racial slurs" does not overcome when viewed in a section 1981 context the specific factual allegation that plaintiffs were fired by their employer for complaining.   There is no suggestion that they were fired by anything F&W did.

The only reasonable inference the court can draw from the allegations of the complaint is that the only contractual relationships between plaintiffs and any of the defendants were plaintiffs' employment relationships with El Paso.   There is no suggestion in the allegations of the complaint that El Paso fired plaintiffs because plaintiffs had been removed from the work site.   Consequently, there has been no allegation of facts that would allow the court to infer that plaintiffs' claim for a right of relief under § 1981 against F&W is plausible.

### III.

### Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs against F&W be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED January 30, 2014.

JOHN McBRYDE
United States District Judge